**MEMORANDUM DECISION AND ORDER** The debtor's sole defense is non-meritorious for the same reasons the court announced in an oral decision re another creditor's motion in this case. The creditor has shown cause for lifting the stay (nonpayment of the mortgage in a non-reorganization case in which the trustee has no interest in administering the asset), and that showing of cause is not defeated by section 521(a)(2)(B) (requiring the debtor to act within 30 days to surrender collateral as stated in his statement of intention). Section 521(a)(2)(B) may impose obligations on the debtor, but it does not confer a right on the debtor to a delay of a ruling on a lift stay motion pending the debtor's complying with his obligations under that statute. In any event, surrender of real property is obviously accomplished via surrendering the property to the processes of nonbankruptcy law for the enforcement of the defaulted debt, not by way of physical turnover. The order below is signed. Dated: 10/30/08.



S. Martin Teel, Jr.
U.S. Bankruptcy Judge

BGW#: 63560

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:                                                    Case No. 08-00638-SMT

ARMELLE N. VAN DORP
    Debtor                                                Chapter 7

_____

WELLS FARGO BANK NATIONAL ASSOCIATION
c/o AMERICAN HOME MORTGAGE SERVICING, INC.
      Movant

vs.

ARMELLE N. VAN DORP
    Debtor/Respondent

and
WENDELL W. WEBSTER
    Trustee/Respondent
_____

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Page: 1

Upon review of the Motion for Relief from the Automatic Stay filed herein by Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2005-4 Asset-Backed Certificates, Series 2005-4, c/o American Home Mortgage Servicing, Inc. ("Movant"), and in the absence of any opposition thereto,

ORDERED that the Automatic Stay imposed by 11 U.S.C. § 362 (a) is TERMINATED to enable Movant and/or its successors and assigns to proceed with a non-judicial foreclosure auction pursuant to District of Columbia Code, against the property known as 1351 Maple View Place SE, Washington, DC 20020, and to allow the successful purchaser to obtain possession of same; and is further,

ORDERED, that the Automatic Stay of 11 U.S.C. § 362 (a) shall not be reimposed as to the Debtor interest in the property by the conversion of this case to a case under another Chapter of the United States Bankruptcy Code.

cc:
Bierman, Geesing & Ward, LLC
4520 East West Highway, Suite 200
Bethesda, MD 20814

Wendell W. Webster, Trustee
1775 K Street, N.W., Suite 600
Washington, DC 20006

Joseph Arthur Thomas
8720 Georgia Avenue, Suite 906
Silver Spring, MD 20910,

Armelle N. Van Dorp
1351 Maple View Place SE
Washington, DC   20020

Armelle N. Van Dorp
36 Girard Street NE
Washington, DC   20002

U. S. Trustee for Region Four, 11
U. S. Trustee's Office
115 South Union St
Suite 210 Plaza Level
Alexandria, VA 22314

**"END OF ORDER"**